UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| United States of America, | Case No. 2:22-cr-00149-CDS-DJA |
|---|---|
| Plaintiff | **Order Denying Defendant's Motion for Sentence Reduction** |
| v. | |
| Kiera Gordon, | [ECF Nos. 101, 102] |
| Defendant | |

Defendant Kiera Gordon, who is serving an eighteen-month sentence for engaging in the business and dealing in firearms without a license, aiding and abetting, has filed a motion for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. ECF No. 102. The United States opposes. Opp'n, ECF No. 104. The Federal Public Defender of the District of Nevada, appointed under Amended General Order 2023-09, screened the motion and determined that Gordon is ineligible for the relief she requests. *See* Notice of non-eligibility, ECF No. 106. Because Gordon does not qualify for an adjustment to her criminal-history points or her offense level, I deny her motion for sentence reduction.[1]

I. **Background**

In June of 2022, Gordon was charged in a four-count indictment with: one count of conspiracy, in violation of 18 U.S.C. § 371; one count of engaging in the business and dealing in firearms without a license and aiding and abetting, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), and 18 U.S.C. § 2; and two counts of false statement during purchase of a

---

[1] In the motion docketed at ECF No. 101, Gordon also moves for relief pursuant to Amendment 3 relating to United States Sentencing Guideline (U.S.S.G.) § 2K2.1(b)(4)(B). ECF No. 101. That guideline applies an enhancement to offenses where any firearm at issue, "(A) was stolen, increase by 2 levels; or (B) had an altered or obliterated serial number, increase by 4 levels." U.S.S.G. § 2K2.1(b)(4)(B). Those enhancements were not applied here. *See* Final Revised Presentence Report, ECF No. 89 at 8 (sealed). As a result, the court only addresses Gordon's motion for sentence reduction pursuant to Amendment 821 of the 2023 amendments to the guidelines, and denies Gordon's motion for sentence reduction docketed at ECF No. 101.

firearm, and aiding and abetting, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 18 U.S.C. § 2. Indictment, ECF No. 1.

On September 14, 2023, Gordon entered a plea of guilty to count two of the indictment, engaging in the business and dealing in firearms without a license, and aiding and abetting, pursuant to a written plea agreement with the government. Plea agreement, ECF No. 67. Gordon appeared for sentencing before this court on December 19, 2023, at which time she was sentenced to eighteen months in prison, followed by three years of supervised release, for count two of the indictment. Mins. from sentencing, ECF No. 92. *See also* J. of conviction, ECF No. 93. All other counts were dismissed at that time.

On July 10, 2024, Gordon filed a motion to correct her sentence. Mot., ECF Nos. 101; 102. She seeks relief under Amendment 821 to the U.S. Sentencing Guidelines. *See generally* ECF No. 102. The government filed an opposition to the motion, arguing that Gordon's motion should be denied because she does not qualify, specifically because she pled guilty to one count of engaging in the business and dealing of firearms without a license. Resp., ECF No. 104. Although the government had filed an opposition, under this Court's Second Amended General Order 2023-09, I ordered the Federal Public Defender (FPD) to screen Gordon's motion. Min. order, ECF No. 105. The FPD timely complied and filed a notice indicating that Gordon does not qualify for the Gordon under Part A or Part B of Amendment 821. ECF No. 106.

II.     Discussion

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). *See United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007) ("As a general matter, courts may not alter a term of imprisonment once it has been imposed."). However, 18 U.S.C. § 3582(c)(2) establishes an exception to the general rule of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010). It provides "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by

the Sentencing Commission . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by Sentencing Commission." 18 U.S.C. § 3582. Accordingly, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission. If a retroactive amendment does in fact lower a defendant's guideline range consistent with applicable policy statements, the court must consider the factors set forth in 18 U.S.C. § 3553(a) to determine if it should exercise its discretion to reduce that defendant's sentence. 18 U.S.C. § 3582(c)(2).

In April of 2023, the United States Sentencing Commission promulgated amendments to the sentencing guidelines, which were retroactive. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534-02 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Aug. 28, 2024). Those amendments took effect on November 1, 2023. *See United States Sentencing Commission*, 2023 Amendments in Brief, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_821R.pdf (August 28, 2024). As relevant here, Gordon moves for a reduction of her sentence pursuant to Amendment 821 of the guideline amendments that took effect in November of 2023. Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1. *See* U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Aug. 28, 2024). Specifically, with regard to "status points" under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. *Id.* Part B created a new § 4C1.1 guideline that provides for a decrease of two offense levels for individuals who qualify as "Zero-Point Offenders" (no criminal history points) and whose offense did not involve specific aggravating factors. *Id.* In sum, the government argues

that Gordon's motion should be denied because she does not qualify based on her plea of guilty to one count of Engaging in the Business and Dealing of Firearms without a License. *See* U.S.S.G. § 4C1.1(a)(7).

The FPD's review of Gordon's case revealed that she does not qualify for a reduction under Amendment 821 ("the Amendment"). As set forth in its notice, Gordon does not qualify first under Part A of the Amendment because she did not receive any "status" criminal history points at the time of sentencing. ECF No. 106 at 1. She also does not qualify for a reduction under Part B of the Amendment because she does not meet the requisite criteria in U.S.S.G. § 4C1.1(a)(1)–(10). *Id.* at 2. Specifically, she fails to meet the requirement: "(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." *Id.* (citing U.S.S.G. § 4C1.1(a)). The FPD informed Gordon of its determination. ECF No. 106 at 2.

Having reviewed Gordon's case, together with the 2023 amendments to the United States Sentencing Guidelines, I concur with both the government and FPD's position that Gordon does not qualify for a sentence reduction under Parts A and B of Amendment 821. She is ineligible for a reduction under Part A of the Amendment because she did not receive any "status" criminal history points at the time of sentencing. She is also ineligible under Part B of the Amendment because the offense she pled guilty to an offense that involved the possession, receiving, purchasing, transporting, transferring, selling, or otherwise disposing of a firearm or other dangerous weapon (or induce another to do so) in connection with the offense. *See* U.S.S.G. § 4C1.1(a) (listing criteria to qualify for the amended guideline). Gordon pled guilty to Engaging in the Business and Dealing of Firearms without a License in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), and 18 U.S.C. § 2. In pleading guilty to that offense, Gordon admitted she willfully engaged in the business of dealing in firearms and did so without a license. *See* Plea agreement, ECF No. 67 at 3; 5. She further admitted that she aided and abetting her co-defendants and others to acquire at least twenty-five firearms, many of whom were either

4

located outside the state of Nevada or were otherwise unable to purchase firearms in Nevada. *Id.* at 5. Consequently, Gordon does not qualify for a sentence reduction under either Part A or B to Amendment 821, so her motion for sentence reduction is denied.

### III.   Conclusion

Therefore, Gordon's motions for sentence reduction **[ECF Nos. 101, 102] are DENIED.**

Dated: September 20, 2024

_____
Cristina D. Silva
United States District Judge